## HURST *v.* SAUNDERS.

APPELLATE PRACTICE; APPEALABLE ORDERS.

An order dissolving a temporary restraining order is not appealable.

No. 363.   Submitted December 3, 1894.   Decided December 10, 1894.

HEARING on an appeal by the complainant from an order dissolving a temporary restraining order in a suit for the cancellation of a lease.   *Appeal dismissed.*

The COURT in its opinion stated the facts as follows:

The appeal in this case has been taken from an interlocutory order made by the court below, and therefore cannot be sustained.

The appellant, Harris P. Hurst, filed his bill in equity in the Supreme Court of the District of Columbia to procure the cancellation of a written lease executed to him by the appellees, Wm. H. Saunders and L. C. Young, in pursuance of which it was claimed by them that he had entered into the possession of certain real estate in the city of Washington.   This lease, which bears date on May 22, 1893, purported to be for the term of six months, commencing from May 25, 1893.   The appellant, while admitting the execution of this lease and setting it up in his bill of complaint, alleged that it was not under it that he had entered upon the property in question, but under an agreement for the purchase of the property made by him with the owner, one Frank Wickline, on May 24, 1893, and which was to be consummated within six months.

The bill sets forth that, on December 9, 1893, the defendants, Saunders and Young, who, it seems, were only the agents of Wickline, although the lease was made by them in their own names and apparently in their own right, instituted proceedings against the appellant before a justice of the peace, under what is known as the Landlord and Tenant Act, in force in the District of Columbia, to recover possession of the property, which the appellant continued to hold after the expiration of his lease, although the provisions of the alleged agreement for the purchase of the property had not been complied with. The appellant proceeds to state that he appeared to these proceedings, pleaded title to the property in himself, and thereupon, according to law, caused the proceedings to be certified to the Supreme Court of the District of Columbia for trial. The appellant alleges that in that court he was not permitted to set up the equitable defense which he claimed to have, and that judgment was rendered against him and a writ of execution was placed in the hands of the marshal to enforce the surrender of the possession of the property. Thereupon this bill was filed to procure the cancellation of the lease, and for an injunction against the enforcement of the judgment in the landlord and tenant case. Saunders and Young and the marshal were made parties to the suit, but Wickline was not made a party.

A temporary retraining order was issued. Soon afterwards Saunders and Young filed their answer, and there was also filed in support of it an affidavit by Wickline. Both the answer and the affidavit admitted the execution both of the lease and of the agreement for purchase; but averred that the appellant had entered under the lease; that the agreement was no more than an option on his part to buy the property, and that he had failed both to comply with the terms of the agreement and his covenant in the lease to pay rent.

Upon the coming in of this answer, the appellees Saunders and Young moved to dissolve the restraining order, and it was dissolved. From the order of dissolution, which made no other disposition of the subject matter of the controversy, the complainant in the cause appealed to this court.

*Mr. Edward L. Gies* and *Mr. Robert Christie* for the appellant.

*Mr. John Altheus Johnson* and *Mr. Irwin B. Linton* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

It is difficult to see by what rule of law this appeal can be sustained. Nor are we enlightened in this regard by the appellant's brief, which fails wholly to comply with the rule of this court in regard to the assignment of errors—a default for which we would be justified in dismissing the appeal, even if the appeal were well taken. The order appealed from is plainly an interlocutory order, from which it is well settled no appeal will lie, and it does not fall under the category of interlocutory orders from which, under the eighth section of the act creating this court, an appeal is specially provided. For it is not an order by which "the possession of property is changed or affected." And of course it cannot be considered under the discretionary clause of that section, for the discretion of this court has not been exercised upon it, and there has been no application to this court for the exercise of that discretion.

The order appealed from is not even the dissolution of an injunction, but merely of a temporary restraining order, and while the granting of an injunction is enumerated among the orders that affect or change the possession of property, it is difficult to see how the dissolution of a restraining order can by any course of reasoning be brought into the same category.

The appellant in his brief has confined himself entirely to a discussion of the cause upon its merits. Even if we assumed that we could review the cause upon its merits upon

such an appeal as this, it is not quite apparent that the appellant is entitled to the relief for which he prays, or to any relief whatever, upon the case which he makes, when the equity of his bill, if any there is in it, has been wholly sworn away by the answer. The lease which he seeks to cancel has expired by its own limitation, is at an end, and no longer can be a subject for the action of a court of equity in the way of cancellation. It is unnecessary to try to cancel that which no longer has existence. And if the appellant's equity consists in the enforcement of his contract for the purchase of the property, even upon the assumption that he has a right to such enforcement, he has not made the proper parties to his suit.

On the ground that the order sought to be reviewed is not an appealable order, *we must dismiss the appeal, with costs, and remand the cause to the Supreme Court of the District of Columbia. And it is so ordered.*